FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 3 0 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

**6801 REALTY CO., LLC,**

        Plaintiff,

    - against -

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, LEON
RODRIGUEZ, LAURA B. ZUCHOWSKI,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, JEH JOHNSON,
and LORETTA LYNCH,**

        Defendants.

------------------------------------------------------------- X

**MEMORANDUM & ORDER**

15 Civ. 5958 (AMD)

ANN DONNELLY, District Judge.

The plaintiff seeks review under the Administrative Procedure Act ("APA") of the United States Citizenship and Immigration Services' ("USCIS") decision rejecting the plaintiff's H-1B petition to employ temporarily a foreign national in a specialty occupation. After the plaintiff brought this lawsuit on October 15, 2015, the USCIS reopened the visa petition and requested additional evidence. On September 27, 2016, I denied the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) and put the plaintiff on notice that I would consider entering summary judgment against it. The plaintiff submitted exhibits and a memorandum opposing dismissal on October 28, 2016. As discussed below, the plaintiff's request for review of the APA determination is dismissed because the agency's decision denying the plaintiff's petition was not final.

1

## BACKGROUND[1]

The plaintiff filed a Form I-129 to employ temporarily Poulakis Dimitrios (the "beneficiary") as a Residential Market Research Analyst pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b), a so-called H-1B petition, on March 31, 2014. (Compl. ¶ 19.) USCIS denied the petition on July 30, 2014, on the grounds that the beneficiary's proposed position did not qualify as a specialty occupation. (Ex. 2 to the Pl.'s Opp. at 3 (ECF No. 28–2).)

The plaintiff brought this lawsuit on October 15, 2015, asserting that USCIS erred in categorizing the materials submitted, that this error caused USCIS to determine that regulatory criteria were not satisfied, and that USCIS applied the incorrect legal standards. (Compl. ¶ 68.) The complaint exhaustively described the alleged deficiencies in the July 30, 2014 determination denying the I-129 petition. (Compl. ¶¶ 66–521.)

Thereafter, the USCIS reopened the petition on November 4, 2015, and issued a request for evidence ("RFE") regarding the plaintiff's place of employment and the nature of its business. (Dec. 16, 2015 Letter (ECF No. 20-1).) In the RFE, USCIS described two issues about which it sought additional information. First, USCIS noted that the place of employment was a residential dwelling, which "raise[d] questions as to whether it is a place of employment that can accommodate the beneficiary, as well as other employees." (Dec. 16, 2015 Letter at 3.) Second, USCIS pointed out that the I-129 form described the business as "residential building rental or leasing," but that the plaintiff's attorney described the business as a "residential real estate company that focuses on transforming aging New York City housing into updated units . . . ." (Dec. 16, 2015 Letter at 4.) Thus, USCIS asked the plaintiff to produce the company's organizational charts, evidence to support the claim that the plaintiff's company was a bona fide

---

[1] The facts and procedural history are discussed in greater detail in the September 27, 2016 order denying the defendants' Rule 12(b)(1) motion to dismiss. (ECF No. 27.)

workplace, descriptions of past and current residential development projects, copies of corporate tax returns, and a list of residential buildings that the plaintiff's company currently rents or leases to others. (Dec. 16, 2015 Letter at 3–4.)

The plaintiff's response to the RFE was due March 12, 2016. (Dec. 16, 2015 Letter at 1 (ECF No. 20-1).) The plaintiff elected not to respond to the RFE, and the "Defendants have withheld decision pending this Court's adjudication of the matter now pending before the Court." (Sept. 16, 2016 Letter (ECF No. 26).)

On April 20, 2016, the defendants moved to dismiss pursuant to Rule 12(b)(1) on the grounds that the agency's determination denying the petition was not final, and thus this Court does not have subject matter jurisdiction. Because I concluded that the limitation on the scope of APA review to "final agency action" was an essential element of a claim under the APA, rather than a jurisdictional requirement, I denied the defendants' motion to dismiss.

However, on September 27, 2016, I put the plaintiff on notice that I would consider entering summary judgment against it, and ordered the plaintiff to come forward with all of its evidence to demonstrate that a genuine issue of material fact exists concerning whether the USCIS decision denying the plaintiff's petition was final. On October 28, 2016, the plaintiff filed its memorandum opposing dismissal and appended two exhibits: a document entitled "Elements of Denial Decision" and the July 30, 2014 letter from USCIS to the plaintiff denying the H-1B petition. (ECF No. 28.) As discussed below, because I find that there has not been a final agency determination, the plaintiff's case is dismissed.

## DISCUSSION

The district court may *sua sponte* enter summary judgment "after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). However, the court may issue judgment as a matter of law only if the submissions of the parties show that there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a) & (c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Generally, summary judgment is appropriate where, as here, a party seeks review of agency action and the APA, and "the entire case on review is a question of law." *Glara Fashion, Inc. v. Holder*, No. 11-cv-889-PAE, 2012 WL 352309, at *5 (S.D.N.Y. Feb. 3, 2012) (citations omitted). Moreover, the question of whether an agency's decision was arbitrary or capricious is a legal question properly resolved by the court. *Id.*

The plaintiff brings this action pursuant to the Administrative Procedures Act ("APA"), which provides for judicial review of agency action under certain circumstances. 5 U.S.C.A. § 702. When evaluating actions taken by an administrative agency, a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Salazar v. King*, 822 F.3d 61, 76 (2d Cir. 2016).

Under the APA, agency action is subject to judicial review if it is either "made reviewable by statute" or if it is "final agency action for which there is no other adequate remedy in a court." 5 U.S.C.A. § 704. The plaintiff does not point to any statute entitling it to judicial review of USCIS's actions in this case. Thus, judicial review is available only if the plaintiff

seeks review of final agency action.

In order for an agency action to be final, two conditions must be met. "[F]irst, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Salazar*, 822 F.3d at 82 (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)); *see also U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (same). The central question is whether the agency "completed its decisionmaking process," and whether the result of that process will "directly affect the parties." *Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) (citations and internal quotation marks omitted). The Supreme Court has directed that the finality element should be interpreted pragmatically. *Hawkes Co.*, 136 S. Ct. at 1810; *see also Salazar*, 822 F.3d at 82 ("[t]he Supreme Court has interpreted the finality element in a 'pragmatic way.'"); *Paskar v. U.S. Dep't of Transp.*, 714 F.3d 90, 98 (2d Cir. 2013) *as corrected* (Apr. 22, 2013) (considering the "substantial practical impact" of the agency's letter in determining whether the agency's decision was final).

An agency's determination does not satisfy the first condition if the agency has not "rendered its last word on the matter." *U.S. Gypsum Co. v. Muszynski*, 161 F. Supp. 2d 289, 291 (S.D.N.Y. 2001) (quoting *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 478 (2001)). One "clear indication" that an agency has issued its "last word" on a subject is that no further agency decisionmaking can be expected. *Fairbanks N. Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586, 593 (9th Cir. 2008) ("No further agency decisionmaking on that issue can be expected, a clear indication that the first prong of the *Bennett* finality test is satisfied.")

It is undisputed that USCIS set aside its July 30, 2014 decision, that the proceedings have

been reopened, and that the plaintiff was invited to provide additional evidence in support of its petition for an H-1B petition. Consequently, the decision to deny the plaintiff's H-1B petition, now reopened for consideration, is no longer final. *See German Language Ctr. v. U.S.*, No. CIV. A. H-09-3950, 2010 WL 3824636, at *3 (S.D. Tex. Sept. 27, 2010) (dismissing complaint seeking review of agency action on the grounds that the agency's decision to reopen the H-1B petition rendered the decision non-final).

The Supreme Court observed that the power to reconsider a decision is a "common characteristic of agency action." *Hawkes Co.*, 136 S. Ct. at 1814; *see also ConocoPhillips Co. v. U.S. E.P.A.*, 612 F.3d 822, 832 (5th Cir. 2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision."). The agency may reconsider its own decision as long as doing so would not be "arbitrary, capricious, or an abuse of discretion." *Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002) (citing 5 U.S.C. § 706(2)(A)).

The plaintiff seems to argue that USCIS's decision to reopen *sua sponte* the H-1B petition was arbitrary and capricious. In particular, the plaintiff points to the fact that USCIS reopened the petition—without providing a reason for doing so—two months after this case was filed in federal court. The plaintiff implies that this decision was meant to divest this Court of jurisdiction over the action.[2] (Pl.'s Opp. to Defs.' Mot. to Dismiss at 1 (ECF No. 25-2).) The evidence does not support this claim. To the contrary, USCIS's RFE and associated document requests identify what seem to be legitimate issues related to the plaintiff's H-1B application.

---

[2] The plaintiff quotes *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 679 (7th Cir. 2010):
> If the agency became concerned that a Court of Appeals—or even the Supreme Court—might issue a decision adverse to its interests, it could reopen its proceedings and yank the case out of the courts, regardless of the amount of resources that had already been expended or the advanced stage of the case. Besides being highly inefficient, it would allow the agency to manipulate federal jurisdiction to frustrate litigants by increasing the time and expense required to pursue claims, and prevent or at least postpone into perpetuity unfavorable precedent.

The plaintiff insists that the July 30, 2014 decision remains a final decision, even though the agency has reopened its determination. (Pl.'s Opp. to Dismissal at 16 (ECF No. 25-2).) In support of that argument, the plaintiff cites *Hawkes*, 136 S. Ct. 1807, in which the Supreme Court held that the mere possibility that the agency could elect to revise an agency decision did "not make an otherwise definitive decision nonfinal." *Id.* at 1814. That case is readily distinguishable; in *Hawkes*, while the agency had the power to reopen or revise its decision, it had not done so. *Id.* Here, by contrast, USCIS has actually reopened the plaintiff's petition, and thus its July 30, 2014 decision is not the "last word" on the plaintiff's petition.

Because I find that the first condition of the finality test was not met, I need not consider whether the agency's action is one by which the plaintiff's rights or "obligations have been determined," or if it is one "from which legal consequences will flow." *See Pearl River Union Free Sch. Dist. v. King*, No. 12-cv-2938-KMK, 2016 WL 5867063, at *13 (S.D.N.Y. Oct. 6, 2016) (because the agency determination "failed the second prong of the finality test, it was unnecessary to address the first prong").

## CONCLUSION

For the reasons set out above the plaintiff's complaint is dismissed in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
November 29, 2016